IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

BENJAMIN W. FAWLEY,

    Plaintiff,

vs.                                                                                                 No. 18-cv-1139 WJ/SCY

DAVID JABLONSKI, *et. al,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Benjamin Fawley's Amended Civil Rights Complaint (Doc. 57) and various supplemental filings. Fawley is incarcerated and proceeding *pro se*. He has submitted hundreds of pages of barely-discernable filings, rather than a single, legible complaint so that the Court can screen his claims. For this reason, and having reviewed the matter under 28 U.S.C. § 1915A, the Court will dismiss the case.

## BACKGROUND

Fawley initiated his civil rights proceeding in New Mexico's Fifth Judicial District Court. His original complaint alleged that former Governor Susana Martinez and other high-level state officials violated his due process and equal protection rights "98 times" between 2009 and June 2017. (Doc. 1-1 at 2). Defendant Smith removed the Complaint to Federal Court on December 6, 2018. Within five days, the Court entered an Order explaining that inmate claims against state officials are subject to *sua sponte* screening under 28 U.S.C. § 1915A. The Order stated that pending initial screening, "the parties are excused from further filing obligations…. Once screening is complete, the Court will enter a separate order either dismissing the Complaint or

setting further deadlines." (Doc. 2).

Notwithstanding the Order, Fawley and other prisoners he recruited submitted over 50 motions, supplements, and notices in this case. By an Order entered September 24, 2019, the Court warned Fawley that it "will not sort through 'a lengthy … complaint and voluminous exhibits … to construct plaintiff's causes of action.'" (Doc. 56 at 1) (quoting *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014). The Court therefore ordered Fawley to file "a <u>single</u>, <u>legible</u> amended complaint on the Court's official form," which contains "all relevant allegations." (Doc. 56 at 1-2) (emphasis in original Order).

Fawley timely filed an Amended Complaint. However, like the prior pleadings, it raised claims under every clause of the U.S. Constitution and referred to various other addendums (e.g., Addendum # 2, Addendum # 7) "for a complete list" of all violations. (Doc. 57 at 4-7). Thereafter, Fawley and/or his putative co-plaintiffs filed over 230 pages of addendums and frivolous motions.

## **ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for … failing to comply with local or federal procedural rules."). "Dismissals pursuant to Rule 41(b) may be made with or without prejudice." *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."

2

*Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center*, 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy – the death penalty of pleading punishments – [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." *Id.* The criteria includes: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." *Id.*

Dismissal is certainly warranted in this case. Fawley interfered with the screening process; refused to submit a single, legible amended complaint as required by the September 24, 2019 Order; and sent over 500 pages of filings. Nevertheless, a dismissal with prejudice yields no benefit because, based on the filings, there is no way to tell exactly what claims are being dismissed. The Court will therefore dismiss this case without prejudice and deny all pending motions without conducting a merits-review. Fawley is warned that if he continues submitting voluminous, abusive filings in this or any other case, the Court will impose filing restrictions.

**IT IS ORDERED** that this civil rights action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that all pending motions (**Docs. 63, 64, 65, 66, 68, 69, 70, 71, and 72**) are **DENIED.**

**SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE