IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENJAMIN W. FAWLEY,

    Plaintiff,

vs.                                                                          No. CV 18-01139 WJ/SCY

DAVID JABLONSKI, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING PENDING MOTIONS**

THIS MATTER is before the Court on multiple post-judgment and post-appeal filings by Plaintiff, Benjamin W. Fawley and other putative plaintiffs. (Doc. 75, 76, 77, 81, 82, 83, 84, 85, 88, 89). The filings by Plaintiff Fawley are a continuation of the abusive pattern he has established in this and other cases, and all pending motions will be denied.

Plaintiff Benjamin W. Fawley was convicted under an Alford plea of murder in the second degree and sentenced to 40 years incarceration in the Virginia Department of Corrections. In 2009, the Virginia Department of Corrections transferred him to New Mexico under the Interstate Corrections Compact. *See Fawley v. New Mexico Department of Corrections,* No. CV 11-00181 LH/KBM (Doc. 98 at 2). Fawley's pattern of abusive filings in this Court began shortly after his transfer. *See Fawley v. Williams,* CV09-00892 WJ/RHS; *Fawley v. Williams,* No. CV 11-00061 BB/CG; and *Fawley v. New Mexico Department of Corrections,* No. CV 11-00181 LH/KBM.

After being warned that the Court would consider entry of filing restrictions if he continued his improper filings, *Fawley v. New Mexico Department of Corrections,* No. CV 11-00181 LH/KBM (Doc. 98 at 2), Fawley ceased filing in this Court for a period of a few years. However,

in 2018, he again began prosecuting cases in this Court, and has filed a total of four additional cases since that time.  *See Fawley v. Jablonski,* No. CV 18-00943 MV/CG; *Fawley v. Jablonski,* No. CV18-01139 WJ/SCY;  *Fawley v. Lea County Board of Commissioners,* No. CV 18-01221 MV/KRS; and *Fawley v. Lea County Correctional Facility,* No. CV 19-00079 KWR/JFR.

The Court dismissed this case without prejudice under Fed. R. Civ. P. 41(b) on February 25, 2020, based on Plaintiff Fawley's failure to comply with the Court's prior order to file a plain and simple complaint on the official prisoner civil rights form.  (Doc. 73, 74).  In its February 25, 2020 Memorandum Opinion and Order (Doc. 73) and its prior September 24, 2019 Order (Doc 56), the Court notified Fawley that his pattern of filing voluminous, conclusory, complaints, motions, supplements, and notices has created a morass of material that renders it impossible for the Court to review and make any determination of whether there are any cognizable claims as required by 28 U.S.C. § 1915A. After being ordered to file a single, simple and concise complaint on the court-supplied form, Fawley failed to comply with the September 24, 2019 Order and, instead, instituted the same pattern of improper filings, resulting in dismissal of the case.  (Doc. 73 at 3).  The Court also warned Fawley, again, the continued improper filings could result in the imposition of filing restrictions by the Court.  (Doc. 73 at 2).

Following entry of the Court's February 25, 2020 Memorandum Opinion and Order and the Judgment, Fawley again launched another pattern of improper filings.  He filed:

(1) Motion of Objection and Request to Correct Defects in Filing Under Rule: 60(b); and for Reconsideration After Corrections (Doc. 75);

(2) Plaintiff's Motion in Support of Objection, Also-Request to Correct Defective Filing Under Rule :60(b) (Doc. 76);

(3)  Notice of Appeal (Doc. 77);

(4) Motion for Appeal (Doc. 81);

(5)  Plaintiff's Motion for Production of Document (Doc. 82);

(6)  Plaintiff's Motion in Support of His Complaint About Defendants Being "High Level" Officials (Doc. 83);

(7)  Plaintiff's Motion Under 28 U.S Code § 455 Disqualification of Judge, Justice, or Magistrate Judge (Doc. 84); and

(8)  Plaintiff's Motion Under 28 US Code § 455 Seeking Disqualification of Judge for Putting Plaintiff at Unfair Advantage; Then Using as Grounds to Dismiss (Doc. 85).

On April 8 and May 11, 2020, "objections" to the Court's dismissal were also filed by putative plaintiffs, Everett Thomas, Phillip Busey, and Donald Alan Boulden (Doc. 88, 89, 92).

Under Fed. R. Civ. P. 59(e), Plaintiff's Motion of Objection (Doc. 75) and Motion in Support of Objection (Doc. 76) may be considered to be timely motions to alter or amend the judgment. Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff Fawley does not present any intervening change in the controlling law, new evidence, or need to correct clear error to support his requests for reconsideration.  Fawley does not even address his failure to comply with the Court's September 24, 2019 Order, which was the Rule 41(b) basis for dismissal of this case. (Doc. 73).  Instead, Fawley mischaracterizes the Court's reasons for dismissal, falsely claiming that the Court is barring his proceeding because of his handwriting, and reargues matters previously raised in his voluminous filings.  (Doc. 75 at 3-4, 7;

Doc. 76). Fawley does not provide any legitimate basis for reconsideration of the Court's dismissal and the Court will deny his Motions. *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d at 948; *Van Skiver v. United States,* 952 F.2d at 1243.

The Court will also deny all other pending motions (Doc. 81, 82, 83, 84, 85, 88, 89). They do not constitute timely motions under Fed. R. Civ. P. 59(e), they do not comply with Fed. R. Civ. P. 7, 8, 10, or 11, they were filed after Plaintiff Fawley's Notice of Appeal (Doc. 77), which deprived the Court of further jurisdiction over the motions, they are in violation of the Court's prior Memorandum Opinions and Orders (Doc. 56, 73), and Doc. 81 is duplicative of Fawley's already perfected notice of appeal (Doc. 77). Further, Plaintiff Fawley has previously been notified that the Court would consider imposition of filing restrictions if he did not cease his pattern of abusive filings. *See e.g., Fawley v. New Mexico Department of Corrections,* No. CV 11-00181 LH/KBM (Doc. 98 at 2). By separate Order, the Court will direct Fawley to show cause why filing restrictions should not be imposed.

**IT IS ORDERED:**

(1) the Motion of Objection and Request to Correct Defects in Filing Under Rule: 60(b); and for Reconsideration After Corrections (Doc. 75) and Plaintiff's Motion in Support of Objection, Also-Request to Correct Defective Filing Under Rule :60(b) (Doc. 76), which the Court construes as motions for reconsideration under Fed. R. Civ. P. 59(e)are **DENIED;**

(2) the Motion for Appeal (Doc. 81), Plaintiff's Motion for Production of Document (Doc. 82) Plaintiff's Motion in Support of His Complaint About Defendants Being "High Level" Officials (Doc. 83), Plaintiff's Motion Under 28 U.S Code § 455 Disqualification of Judge, Justice, or Magistrate Judge (Doc. 84), Plaintiff's Motion Under 28 US Code § 455 Seeking Disqualification of Judge for Putting Plaintiff at Unfair Advantage; Then Using as Grounds to

Dismiss (Doc. 85), and Objections by putative plaintiffs Everett Thomas, Phillip Busey, and Donald Alan Boulden (Doc. 88, 89, 92) are **DENIED**; and

(3) the Clerk is **DIRECTED** to transmit a copy of this Memorandum Opinion and Order to the United States Court of Appeals for the Tenth Circuit.

_____
CHIEF UNITED STATES DISTRICT JUDGE